IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIV. NO. 17-00043 LEK-KSC |
| Plaintiff, | ) ORDER DISMISSING ACTION |
| | ) PURSUANT TO 28 U.S.C. |
| vs. | ) § 1915(g) |
| CCA INC., et al., | ) |
| Defendants. | ) |

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Pro se Plaintiff Peter R. Tia alleges that Mainland and Hawaii prison officials and unnamed individuals at this court have conspired to obstruct justice and prevent his release on parole, under 18 U.S.C. § 1961 *et seq*. Tia alleges this conspiracy has prevented his release on parole. Tia has not paid the $400.00 filing and administrative fees to commence this action or filed an Application to Proceed In Forma Pauperis ("IFP").

**I.   28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment if he has:

> on 3 or more prior occasions, while
> incarcerated . . ., brought an action or appeal
> in a court of the United States that was
> dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which
> relief may be granted, unless [he] is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Court "docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Tia has accrued three "strikes" under § 1915(g).[1] The court has notified him of these strikes and Tia may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury based on Defendants' actions when he filed suit.

## II.   **THE IMMINENT DANGER EXCEPTION**

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053.  Claims of  "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147

---

[1] *See Tia v. Criminal Investigation*, 1:10-cv-00441 DAE (D. Haw. 2010) (dismissed as frivolous and ftsc); *Tia v. Criminal Investigation*, 1:10-cv-00383 SOM (D. Haw. 2010); and (same); *Tia v. Fujita*, 1:08-cv-00575 HG (D. Haw. 2009) (dismissed for failure to state claim).  *See* PACER Case Locator http://pacer.psc.uscourts.gov.

F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Tia's allegations of a conspiracy to prevent his release on parole do not plausibly support a showing that he was in imminent danger of serious physical injury when he commenced this action.  Tia may not proceed without concurrent payment of the civil filing fee.

### III.  CONCLUSION

This action is DISMISSED without prejudice to Tia's refiling these claims in a new action with concurrent payment of the civil filing fee.  Any pending motions are terminated.  The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 14, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. CCA, Inc.*, 1:17-cv-00043 LEK/KSC; 3stk 2017/Tia 17-43 lek  (no imdgr RICO)